UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

V.T.,

          Plaintiff,

    v.

SHRIGI, INC. et al.,

          Defendants.

Case No.  1:26-cv-02415-FJS

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

(ECF No. 3)

Plaintiff V.T. ("Plaintiff"), proceeding with counsel, initiated this action on March 30, 2026, against Defendants Shrigi, Inc., Roger Bhakta, Jagrati D. Bhakta, Vagabond Inn Corporation, Boota Singh Chahil as an individual trustee of Chahil Family Trust, Kuldip Kaur Chahil as an individual trustee of Chahil Family Trust, G6 Hospitality Real Estate LLC, Oceanic Fresno LP, A.R.J. Corporation, Eurocan Enterprises Inc., Travelodge Fresno, and Kanti-Shanta of Fresno, CA Inc. (collectively, "Defendants"). (ECF No. 1.)

On the same date, Plaintiff filed the instant motion requesting to appear and proceed in this action pseudonymously because Plaintiff is the victim of sex trafficking and would be subjected to severe emotional distress if her true identity were publicly disclosed in connection with this litigation. (ECF No. 3 at 2.) Summonses have been issued to Defendants, but no proof of service has yet been filed on the docket. (ECF Nos. 5, 6.)

Having considered the motion, and for the reasons that follow, Plaintiff's motion to proceed pseudonymously will be granted.

I.    LEGAL STANDARD

The normal presumption in litigation is that parties must use their real names, which is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). However, courts permit parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quotation and citation omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. (citations omitted).

II.    DISCUSSION

Plaintiff requests that she be allowed to proceed under pseudonym because the case involves allegations of sex trafficking. In her complaint, Plaintiff alleges that she "was subject to sexual abuse by numerous men and/or women at the subject hotels," that "[s]ex trafficking

occurred at these subject hotel(s) . . . prior to Plaintiff's trafficking," and that "Defendant(s) knew or should have known that Plaintiff was a victim of a venture that involved trafficking by force, threat of force, fraud, or coercion." (ECF No. 1 ¶¶ 31, 33, 34.)

The Ninth Circuit "recognize[s] that there is a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042–43 (9th Cir. 2010) (quoting *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

Plaintiff states that she "would be subjected to severe emotional distress if her true identity were publicly disclosed in connection with this litigation." (ECF No. 3 at 2.) Plaintiff asserts that her need for anonymity outweighs the public's interest in knowing the name of the Plaintiff. (*Id.*) Plaintiff acknowledges that while Fed. R. Civ. P. 10(a) "requires that the title of the complaint includes the names of all parties," "the nature of the case and the potential harm to Plaintiff's safety and emotional well-being outweigh any general interest in disclosure of the parties' identities." (*Id.*) Further, Plaintiff asserts that granting this motion would not unduly prejudice the Defendants as "Defendants will have full access to Plaintiff's identity and may proceed with any appropriate defense or challenge in this case." (*Id.*)

"District Courts within the Ninth Circuit uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." *Doe v. United Airlines, Inc.*, No. 2:17-CV-2825-RFB-NJK, 2018 WL 3997258, at *2 (D. Nev. Aug. 21, 2018) (quotation and citation omitted); *see also Doe v. Wyndham Hotels & Resorts, Inc.*, No. 24-CV-217 JLS (AHG), 2025 WL 1030337, at *1 (S.D. Cal. Apr. 7, 2025) (granting motion to proceed under pseudonym for plaintiff alleging claims related to sex trafficking against hotel defendants).

The Court finds good cause to grant the motion based on the allegations at issue and because of Plaintiff's representation that her identity will be disclosed privately to Defendants.

III.    CONCLUSION AND ORDER

Having considered the motion, the Court concludes that Plaintiff's need for anonymity outweighs any countervailing interests. Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to proceed pseudonymously (ECF No. 3) is GRANTED;

2.  Plaintiff may use the pseudonym "V.T." in all filings and proceedings related to this case; and

3.  Plaintiff shall serve a copy of this Order on Defendants alongside service of original process.

IT IS SO ORDERED.

Dated:    **April 28, 2026**



UNITED STATES MAGISTRATE JUDGE