Nathaniel L. Foote, Esq.
(*pro hac vice*)
Ashley Ventrillo, Esq.
(*pro hac vice*)
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124
(f) (717) 525-9143
TeamD@vca.law

Jeffrey Toppe, Esquire (Cal. Bar No. 329535)
The Toppe Firm LLC
c/o 4503 N. Front Street
Harrisburg, PA 17110
800-706-2764 (phone)
717-525-9143 (fax)
jct@toppefirm.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **V.T.**<br><br>Plaintiff,<br><br>v.<br><br>**SHRIGI, INC.; ROGER BHAKTA, an individual; JAGRATI D. BHAKTA, an individual; VAGABOND INN CORPORATION; BOOTA SINGH CHAHIL, as an individual trustee of CHAHIL FAMILY TRUST; KULDIP KAUR CHAHIL as an individual trustee of CHAHIL FAMILY TRUST; G6 HOSPITALITY REAL ESTATE LLC; OCEANIC FRESNO LP; A.R.J. CORPORATION; EUROCAN ENTERPRISES INC; TRAVELODGE FRESNO; AND KANTI-SHANTA OF FRESNO, CA INC.,**<br><br>Defendants. | CIVIL ACTION<br><br>No. 1:26-cv-02415-FJS<br><br>**PLAINTIFF'S STATUS REPORT AND SECOND MOTION FOR EXTENSION TO EFFECT SERVICE** |

**PLAINTIFF'S STATUS REPORT REGARDING SERVICE OF PROCESS AND SECOND MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE**

Plaintiff, V.T. respectfully submits this Status Report to apprise the Court of the efforts undertaken to serve the Defendants with the Complaint and Summonses in the above-captioned matter and to further request an extension to effect service.

**I. Procedural Background**

On March 30, 2026, The Complaint was filed initiating this action against multiple Defendants arising out of the sex trafficking of Plaintiff at hotel properties located in Fresno, California from 2015 through 2017. (Doc. 1).

On March 30, 2026, the Clerk of Court issued Summonses to each of the twelve named Defendants: (1) Shrigi, Inc.; (2) A.R.J. Corporation; (3) Jagrati D. Bhakta; (4) Roger Bhakta; (5) Boota Singh Chahil; (6) Kuldip Kaur Chahil; (7) Eurocan Enterprises Inc.; (8) G6 Hospitality Real Estate LLC; (9) Kanti-Shanta of Fresno, CA Inc.; (10) Oceanic Fresno LP; (11) Travelodge Fresno; and (12) Vagabond Inn Corporation. (Doc. 5-7).

On July 8, 2026, this Court granted Plaintiff's Motion for Extension of Time to Effectuate Service giving Plaintiff until September 29, 2026, to effectuate service. Doc. 14.

**II. Diligent Efforts to Effectuate Service**

Immediately following issuance of the Summonses, undersigned counsel commenced a coordinated, multi-Defendant service campaign. Counsel undertook substantial pre-service investigation including retention of record-retrieval vendors to identify current addresses, registered agents, and principals for each corporate and individual Defendant.

On June 2, 2026, Plaintiff's counsel dispatched complete service packages containing the issued Summons, Complaint, Mandatory Scheduling Order, Notice of Assignment to a United States Magistrate Judge and Declination of Consent form, VDRP form, and a Federal Rule of Civil Procedure 4 Waiver of Service package to each of the twelve Defendants via USPS Certified Mail, First Class, with return envelopes enclosed to facilitate waiver of service under Fed. R. Civ. P. 4(d). Each mailing was accompanied by a formal

request that the recipient waive service pursuant to Fed. R. Civ. P. 4(d), together with a prepaid return envelope, in order to conserve costs and streamline the commencement of substantive proceedings. The requests to waive service requested that the Defendants do so within thirty days of the letters. No Defendant returned a waiver of service form.

**1. Defendant Shrigi, Inc. was served.**

Defendant Shrigi, Inc. was personally served by process server on August 4, 2026. Doc. 7.

**2. Defendant Eurocan Enterprises Inc. was served.**

Defendant Eurocan Enterprises Inc. was personally served by process server on August 24, 2026. Doc. 19.

**3. Defendant Vagabond Inn Corp. was served**

Defendant Vagabond Inn Corp. was personally served by process server on August 19, 2026. Doc. 16.

**4. Defendant G6 Real Estate LLC was served.**

Tracking information indicates that the service packet for Defendant G6 Real Estate LLC was delivered on June 8, 2026 to Koy Saechao, who Plaintiff previously identified as an agent for Defendant G6 Real Estate LLC. On June 23, 2026, Plaintiff's counsel received a letter from CSC Global, indicating that the service packet for G6 Hospitality Real Estate LLC could not be forwarded to the intended party as it is no longer an active company. On September 14, 2026, a process server personally served G6 Hospitality Real Estate LLC, the believed successor of Defendant G6 Real Estate LLC, through their agent authorized to accept service. Doc. 23.

## III. Plaintiff's Request for Extension of Time to Effect Service

### A. Plaintiff requests additional time to effect service on the eight remaining Defendants.

Plaintiff requests an additional sixty days to effect service on the remaining eight Defendants: Defendant Kanti-Shanta of Fresno, CA Inc., Defendant Oceanic Fresno LP, Defendant Travelodge Fresno, Defendant A.R.J. Corporation, Defendant Boota Sing

Chahil, Defendant Kuldip Kaur Chahil, Defendant Jagrati D. Bhakti, and Defendant Roger Bhakta. Plaintiff has hired a process server to effect service on these parties.

Plaintiff's counsel has also contacted counsel who they believe represent Defendant Oceanic Fresno LP in another action in this jurisdiction to provide a copy of the complaint and determine if such counsel can accept service on behalf of their client. Plaintiff's counsel has also contacted individuals believed to be current or previously retained counsel for Defendants Jagrati D. Bhakti, Roger Bhakti, Boota Singh Chahil, and Kuldip Kaur Chahil.

**B. Good Cause Exists for Extension Under Rule 4(m).**

Federal Rule of Civil Procedure 4(m) requires the Court to extend the time for service where a plaintiff demonstrates good cause. Under controlling Ninth Circuit precedent, "good cause" is evaluated on a case-by-case basis. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001). To elevate an excuse to the level of good cause under Rule 4(m), courts consider the following factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if [her] complaint were dismissed." *Id*. (internal quotations omitted.)

Each factor favors Plaintiff. Defendants A.R.J. Corporation, Boota Singh Chahil, Kuldip Kaur Chahil, Jagrati D. Bhakta, and Roger Bhakta received a certified-mail package containing the summons and Complaint, so they have actual notice of the suit.[1] Similarly, Plaintiff provided a copy of the complaint to counsel for Defendant Oceanic Fresno LP. Plus, no unserved Defendant faces prejudice from a short extension, because no responsive pleading or discovery has begun as to any of them. Plaintiff, by contrast, faces dismissal of claims as the limitations period runs.

---

[1] The service packet addressed to the agent for service of process for the Defendant Kanti-Shanta of Fresno, CA Inc., Abhinandan K. Patel, at 7 Elkader, Trabuco Canyon came back on June 23, 2026 because the Defendant no longer operates at that address and left no forwarding address. Similarly tracking for Defendant Travelodge Fresno showed the packet still in transit with no confirmed delivery.

Plaintiff has not been idle. Counsel investigated addresses through record-retrieval vendors, mailed certified waiver packages to all twelve Defendants, retained multiple licensed process servers, traced a dissolved entity to its successor, and obtained proofs of service on four Defendants. The remaining failures stem from evasion, stale corporate records and a vacated business address, not from any lack of diligence. Plaintiff's reasonable efforts to serve Defendants satisfies the "good cause" standard.

**B. Even Absent Good Cause, A Discretionary Extension is Warranted**

Even if good cause were not established, Rule 4(m) grants district courts broad discretion to extend the time for service. See *United States v. 2,164 Watches,* 366 F.3d 767, 772 (9th Cir. 2004). When deciding whether to grant a discretionary extension, courts may consider factors such as whether a statute-of-limitations bar would prevent the plaintiff from re-filing the action, whether the plaintiff has shown excusable neglect, and whether the plaintiff would be prejudiced if they could not complete service. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, Plaintiff has made reasonable efforts to effect service, and the unserved Defendants would not be prejudiced from a brief extension. By contrast, dismissal without prejudice would needlessly delay resolution of the merits and could substantially prejudice Plaintiff as noted above.

Granting the requested extension will allow Plaintiff to either complete personal service or, if necessary, develop a complete factual record supporting a motion for alternative service.

**IV. Request for Relief**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff an additional sixty (60) days to effect service of process and any such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Ashley Ventrillo*

**ANDREOZZI + FOOTE**

Nathaniel L. Foote, Esq.
(*pro hac vice*)
Ashley Ventrillo, Esq.
(*pro hac vice*)
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124 |(f) (717) 525-9143

Jeffrey Toppe, Esquire
The Toppe Firm LLC
c/o 4503 N. Front Street
Harrisburg, PA 17110
800-706-2764 (phone)
717-525-9143 (fax)
jct@toppefirm.com

*Attorney for Plaintiff*

Dated: **09/29/2026**